WO                                                                                          MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Siannoth Stelin Salcedo Santos, | No. CV-21-01133-PHX-JAT (MHB) |
| Petitioner, |  |
| v. | **ORDER** |
| Alejandro Mayorkas, et al., |  |
| Respondents. |  |

Petitioner Siannoth Stelin Salcedo Santos (A# 043-251-347), who is detained in the CoreCivic La Palma Correctional Center (LPCC) in Eloy, Arizona, has filed a pro se Petition for a Writ Of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee. The Petition and this action will be dismissed.

**I.    Petition**

Petitioner was ordered removed from the United States by an immigration judge in Philadelphia, Pennsylvania on February 28, 2020.[1] On June 20, 2021, he was arrested by the United States Department of Homeland Security (DHS) and detained in LPCC. (Doc. 1 at 2.)

In his Petition, Petitioner names DHS Secretary Alejandro Mayorkas, DHS, and unnamed LPCC Warden as Respondents. He brings one ground for relief, claiming he is "being detained in violation of due process" because his "removal charge was wrong" and

---

[1] Executive Office for Immigration Review Automated Case Information System, https://portal.eoir.justice.gov/InfoSystem/CourtInfo (last accessed July 6, 2021).

he has "applications and petitions pending." (*Id.* at 7.) Petitioner asks the Court to order his release. (*Id.* at 8.)[2]

## II. Habeas Corpus Review

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The writ of habeas corpus historically "provide[s] a means of contesting the lawfulness of restraint and securing release." *Department of Homeland Security v. Thuraissigiam*, 591 U.S. ___, 140 S. Ct. 1959, 1969 (2020); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (habeas corpus "provides a remedy to non-citizens challenging executive detention."). Habeas corpus review in federal district court is not available, however, for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g); "arising from any action taken or proceeding brought to remove an alien" 8 U.S.C. § 1252(b)(9); seeking judicial review of a removal order, 8 U.S.C. § 1252(a)(5); or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[3] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss

---

[2] Petitioner has attached a miscellaneous page from what appears to be an unrelated complaint involving a nursing student exam. (*See* Doc. 1 at 3.) The Court presumes this was done in error and will disregard the page.

[3] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions … are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

**III. Discussion**

Petitioner fails to state a claim for habeas corpus review. Petitioner's claim that he should not be detained because he was wrongly placed in removal proceedings or ordered removed is barred from habeas corpus review under 8 U.S.C. §§ 1252(a)(5) and (b)(9). While Petitioner "seeks relief from immigration detention without asking the court to exercise jurisdiction over his final order of removal," his claims are "wholly intertwined" with his removal proceedings and order. *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011); *see J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue–whether legal or factual–arising from any removal-related activity can be reviewed only through the [petition for review] process" before the court of appeals); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)").

Accordingly, Petitioner fails to state a colorable or cognizable claim for habeas corpus review and the Petition will be dismissed. The Petition will be dismissed without prejudice to Petitioner filing a new petition asserting cognizable habeas corpus claims in a new action.

**IT IS ORDERED:**

(1) Petitioner's Petition for a Writ Of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and this action are **dismissed**.

. . . .

. . . .

(2)  The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 9th day of July, 2021.

*James A. Teilborg*
Senior United States District Judge